**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re Nicole DeRoo | ) | 22-02091 |
| | ) | |
| | ) | Judge David D. Cleary |

### Response to Debtor's Motion to Modify Plan

Now Comes Yanick Polycarpe, on behalf of Marilyn O. Marshall, standing Trustee, and in response to debtor's motion to modify plan states as follows:

### Background

On February 24, 2022, the instant case was filed under Chapter 13 of the Bankruptcy Code. With her petition, debtor filed a 122c-1 form, which indicated debtor's gross wages as $5,606.57. Debtor's income is over median for her household size of 1, requiring a 5-year term and disposable income determination under 11 USC §1325. According to the 122c-2 means test form, debtor has $696.25 in monthly disposable income pursuant to 11 USC §1325(b)(2). The disposable income test requires minimum $41,775.00 to general unsecured creditors.

Debtor's original Chapter 13 plan was confirmed May 9, 2022. The plan calls for debtor to make plan payments of $1,025 per month for 58 months, paying 100% or $32,161.00 to general unsecured creditors. The plan section 5.2 also provides that debtor shall maintain contractual payments to student loans in the amount of $0.

Approximately 6 months after confirmation of the plan, debtor brought the pending motion to modify plan. The motion states that debtor's expenses have increased, and therefore seeks to reduce plan payments to $720 per month with 51% to general unsecured creditors. In support of the request for reduction, debtor filed a schedule I and J attached to the motion. The

schedules are neither verified or filed on the docket an amended schedules. The I and J attached to the motion made the following changes:

|  | Original I/J | I/J attached to motion |
|---|---|---|
| Gross monthly income | $5,376.84 | $5,820.34 |
| Net monthly income | $4,005.34 | $4,338.16 |
| Rent | $600.00 | $750.00 |
| Electric/gas | $365.00 | $500.00 |
| Water/sewer/garbage | $110.00 | $200.00 |
| Food/housekeeping | $450.00 | $550.00 |
| Medical/Dental | $50.00 | $200.00 |
| Transportation | $410.00 | $435.00 |
| Monthly net income | $1,025.34 | $723.16 |

## **Argument**

Debtor's motion should be denied. At the commencement of the motion to modify plan, it was requested that the debtor provide some manner of documentation to support her inability to maintain plan payments. When asked to substantiate the increases, debtor provided several documents, which are also now filed on the docket as exhibits. Debtor's request to modify plan is not supported by the documentary evidence and does not demonstrate debtor's best efforts.

The document filed at docket entry 41 is labelled "receipts for water, sewer and garbage, average of approximately $265 per month." When first presented with this document, Trustee requested the debtor provide the full statement showing what the debtor's actual monthly obligation is to the Village of Orland Park. Debtor then filed the three pages at docket 41 labelled

"water garbage sewer" at the top. The first pages is a bill from Village of Orland Park dated August 31, 2020 in the amount of $532.87. The second page is a bill dated December 31, 2022, in the amount of $520.53. The bill on the third page is dated October 31, 2020, in the amount of $547.65. Two of the bills are pre-petition and the bills are non-sequential in time. It is impossible to tell from these bills what debtor's actual monthly obligation is for water, sewer, garbage as debtor has obscured those pertinent facts.

Docket entry 42 is equally deficient. Debtor labels the exhibit as "electric bill documentation." Again, when provided this document by the debtor, Trustee requested the entire statement to both see the monthly charges for service and the name of the creditor. This bill has no date. It indicates a past due amount of $275.71 but not a monthly amount. It is worth noting that the statement does have a checkmark next to "enrolled in ebill." The debtor appears to receive utility bills electronically. A full billing statement and billing history would be easily accessible to an individual enrolled in ebill. Instead, debtor files this partial page the docket as exhibit 42 which fails to support the increased monthly expense on schedule J.

Docket entry 43 is equally deficient in its attempt to stand as evidence of the truth of the matters asserted. When the motion to modify was first filed and presented, Trustee requested the full statement from the gas company. None was provided. Rather, the partial page filed at docket entry 43.

Debtor filed an exhibit labelled "sworn statement regarding rental increase" at docket entry 44. In the affidavit, debtor states she does not have a lease in her name but she pays $600 towards the mortgage. It is unclear whose mortgage debtor is paying towards. The $600 matches what is budgeted as rent on debtor's original schedules I/J filed with the petition. The affidavit also states that the additional $150 per month is not an increase in rent as the debtor's motion

claims in paragraph 4. Rather, the debtor states "my roommate's work slowed down . . .so I now pay for his car insurance." There was no increase in rent by a landlord. Instead, the debtor has chosen to adopt financial obligation for a "roommate's car insurance" at the expense of her own creditors. Debtor has made no showing that paying for a previously undisclosed roommate's car insurance is a reasonably necessary expense.

Debtor has an exhibit labelled "prescriptions along with summarization" filed at docket 40. It is unclear from the exhibit what expenses are regular and monthly, versus short term. Regardless, were debtor to budget the water, utilities and rent at the reasonable monthly amount in her original schedules I and J, the debtor would have funds available pay general unsecured creditors the 100% proposed at the time of confirmation. Debtor should not be allowed to merely move money around her budget in an attempt to reduce payment obligations under the plan. In the instant case, the debtor has presented no compelling reason or set of facts to justify being relived of her obligation under her previously confirmed plan. *In re Rither* 2008 WL 1780934 (Bankr.E.D.Wis. 2008). Her income has increased with very little showing that reasonably necessary expenses have increased.

With any request to modify the plan pursuant to 11 USC §1329 the "statutorily-created tests of good faith, best efforts or liquidation analysis, and feasibility apply." *See In re Wetzel,* 381 B.R. 247, 254–55 (Bankr.E.D.Wis.2008). When a previously confirmed plan is no longer feasible, modification is appropriate as long as the proposed modification is offered in good faith and otherwise complies with all statutory requirements. *See In re Davis,* 439 B.R. 863, 869 (Bankr.N.D.Ill.2010)("The continued applicability of the good faith requirement to the payment amounts and plan length proposed in a modification of a Chapter 13 plan, regardless of the party proposing the modification, results in a procedure free from absurdity, while honoring

Congress's decision not to make § 1325(b) part of the procedure.") A debtor bears the burden of proving the amended plan complies with the good faith requirement. *In re Shelton,* 592 B.R. 193, 200-01 (Bankr. N.D. Ill. 2018). When making a good faith determination, the court should look at whether a debtor's plan constitutes an attempt to unfairly manipulate the Bankruptcy Code. *In re Delp*, 2009 WL322227, at *3 (Bankr. S.D. Ill. Feb 9, 2009) quoting *Matter of Smith*, 848 F.2d 813, 820 n. 8 (7th Cir. 1988), quoting *Education Assistance Corp V. Zeller,* 827 F.2d 1222, 1227 (8th Cir. 1987)).

      In the instant case, the debtor has not shown a reduction in income or change in circumstances since the confirmation of the plan. Quite to opposite, as debtor admits to an increase in income since confirmation.  A mere 6-months after confirmation of a plan that required 100% due to the over-median calculations on the form 122c-2, debtor now seeks to reduce her obligation to general unsecured creditors. This appears to be an attempt to manipulate the Bankruptcy Code, which equates to bad faith. *See In re McKay*, 2019 WL 3294081(Bankr. S.D.IL. July 22, 2019). In *In re* McKay, the debtor attempted to argue that post-confirmation disposable income should be calculated using only the amended schedules I and J. *Id.* As Judge Altenberger held in the *McKay* matter, if an over median debtor were allowed to immediately modify their plan to reduce their obligations shortly after confirmation, "there would be no significance to being an above median debtor." *Id.* Debtor has failed to support the expenses on the amended I and I and the amendment to the plan is not proposed in good faith.

For the above stated reasons, Trustee respectfully requests that debtor's motion to modify plan be denied.

Respectfully submitted,
/s/ Yanick Polycarpe
for Marilyn O Marshall, Trustee

Office of the Chapter 13 Trustee, Marilyn O. Marshall
224 South Michigan Ave., Suite 800
Chicago, Illinois 60604
(312)431-1300